FILED

December 16 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0587

DA 13-0587

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 329

_____

STATE OF MONTANA,

     Plaintiff and Appellee,

v.

BRIAN ANTHONY JOHNSTON,

     Defendant and Appellant.

OPINION
AND
ORDER

_____

¶1     Appellant Brian Anthony Johnston appeals the judgment of the Twentieth Judicial District Court, Lake County, convicting him of incest, solicitation, and sexual abuse of children. The issue on appeal is whether the District Court abused its discretion when it denied Johnston's discovery requests for information contained in the DPHHS files of his victims without first conducting an in camera review.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2     Johnston was charged with three counts of incest, one count of solicitation, and one count of sexual abuse of children. Johnston's counsel moved to compel discovery of records related to the ongoing DPHHS case involving the two victims. The District Court denied the motion without conducting an in camera review. Johnston was convicted of two counts of incest, one count of solicitation, and one count of sexual abuse of children. On appeal from

those convictions, Johnston requests that we remand this case to the District Court for an in camera review of the victims' DPHHS files for relevant evidence.

## DISCUSSION

¶3    In *State v. Little*, we dealt with the same circumstances at issue in this case. *State v. Little*, 260 Mont. 460, 466–67, 861 P.2d 154, 158 (1993). Little moved for discovery of the victims' DPHHS (then DFS) files. The district court denied the motion without conducting an in camera review. Little was convicted and appealed the denial of his motion. This Court issued an interlocutory appellate order requiring the district court to conduct an in camera review of the victims' DPHHS files and enter appropriate findings regarding whether the files contained information relevant to Little's defense. We relied on § 41-3-205(2), MCA, which provides that DPHHS records may be disclosed to a court for an in camera review if relevant to an issue before it. As we noted in that order, "the District Court should have conducted an in camera inspection of the files before ruling on the Defendant's discovery request, and the result of that inspection and the files should be before this Court as a part of the record on appeal on this issue." *State v. Little*, Order, June 23, 1993, DA 92-560.

¶4    The State makes two arguments in opposition to Johnston's request for an in camera review of the DPHHS files. First, the State argues that Johnston may not ask for in camera review on appeal because he did not ask the District Court to review the files in camera. Although this is correct, we find this argument unpersuasive in light of the fact that when it opposed Johnston's motion to compel, the State itself proposed that the District Court conduct an in camera review. Moreover, when the District Court denied Johnston's motion to compel, its only stated rationale was: "The authority and rationale in [the State's] answer

2

brief are adopted by the Court and incorporated herein by reference." Among the authority and rationale of the State's answer brief was a citation to *State v. Duffy*, which acknowledged that there are competing concerns between a defendant's right to exculpatory evidence contained in confidential records of victims, and victims' right to protect their confidential information. *State v. Duffy*, 2000 MT 186, ¶¶ 19–21, 300 Mont. 381, 6 P.3d 453. *Duffy* held, "To balance the relative interests of the defendant and the victim, the district court should review the confidential records in camera." *Duffy*, ¶ 21. Thus, the District Court denied Johnston's motion to compel without first conducting an in camera review while citing, by reference, a case that holds that the District Court should conduct an in camera review to determine whether a defendant is entitled to information in the confidential records of his alleged victims. Moreover, as a practical consideration, neither the District Court, nor this Court, can determine whether Johnston is entitled to any of the information in the DPHHS files in the absence of an in camera review.

¶5 The State's second argument in opposition is that the prosecutor was not required to turn over the DPHHS files because they were not in her possession. In support of this argument, the State attempts to distinguish this case from our previous holding in *Little* by arguing that "it appears that the prosecutors in *Little* [already] had the DPHHS records in their possession." However, our order in *Little* that the District Court was required to conduct an in camera review of the DPHHS records neither discussed, nor was it premised on, whether or not the records were already in the prosecution's possession. The State's argument in this regard, therefore, is unavailing.

3

¶6      In *Pennsylvania v. Ritchie*, the U.S. Supreme Court dealt with a similar issue involving files which were not within the possession of the prosecutor, but were within the possession of a state agency.  The Court held that the defendant had a constitutional right to exculpatory evidence contained in the state Child and Youth Services (CYS) files of his alleged victims.  *Pennsylvania v. Ritchie*, 480 U.S. 39, 57, 107 S. Ct. 989, 1001 (1987). Notably, the defendant in *Ritchie* had subpoenaed the files, but CYS refused to turn them over, citing a Pennsylvania statute that prevented the disclosure of CYS files in the interests of protecting sensitive information.  On appeal, the Court noted that the statute provided an exception that allowed CYS to disclose files pursuant to court order.  The Court determined that the appropriate procedure, therefore, was for the trial court to conduct an in camera review to determine whether there was any exculpatory evidence in the files.  *Ritchie*, 480 U.S. at 60-61, 107 S. Ct. at 1002–03.    The Court held that such a procedure appropriately balanced the state's legitimate interest in protecting the contents of the files, with the defendant's Fourteenth Amendment due process right to exculpatory information possessed by the government.

¶7      Two aspects of *Ritchie* are particularly salient to this case.  First, the prosecution in *Ritchie*, as in this case, did not possess the files, nor had it seen them.  The Court nonetheless held that the defendant had a constitutional right to exculpatory evidence that may be contained in the files and the appropriate procedure was for the trial court to conduct an in camera review to ascertain the existence of such evidence.  Second, Ritchie subpoenaed the DYS files to no avail because a state statute prevented DYS from disclosing the files.  In this case, the State contends that Johnston should have subpoenaed the DPHHS records.

4

However, as was the case in *Ritchie*, DPHHS is prevented from disclosing its files to a defendant.  *See* § 41-3-205(1), MCA ("The case records . . . concerning actions taken under this chapter and all records concerning reports of child abuse and neglect must be kept confidential except as provided by this section.").  Section 41-3-205(1), MCA, makes it a misdemeanor to disclose the files to anyone not specifically listed in the statute as authorized to receive child abuse and neglect reports.  The only entities involved in a criminal case authorized to receive DPHHS files under § 41-3-205, MCA, are the prosecutor and the court.  No exception is made for a subpoena from a criminal defense attorney.  Thus, any subpoena from Johnston would have been futile, as it was in *Ritchie*.

¶8      Since only the prosecutor and the court are authorized to receive DPHHS files, it was appropriate for Johnston to request the files from the prosecutor via discovery and, when the prosecutor refused to produce the files, to request an order from the court.  Johnston's motion requested an order from the court "pursuant to Section 46-15-322, M.C.A."  Section 46-15-322(5), MCA, provides: "Upon motion showing that the defendant has substantial need in the preparation of the case for additional material or information not otherwise provided for and that the defendant is unable, without undue hardship, to obtain the substantial equivalent by other means, the court, in its discretion, may order any person to make it available to the defendant."  Although Johnston certainly could have more artfully made his case to the District Court, his motion nevertheless invoked the District Court's

5

authority to order the prosecution to obtain and disclose the DPHHS files that Johnston was statutorily foreclosed from obtaining on his own.[1]

¶9 Johnston's motion was sufficient to invoke his right to potentially exculpatory information in the DPHHS files. Once he invoked that right, it was the trial court's duty to conduct an in camera review to ascertain whether there was any exculpatory evidence in the files. Therefore,

¶10 IT IS HEREBY ORDERED that this appeal be dismissed without prejudice, and the case remanded to the District Court to conduct an in camera review of the victims' DPHHS files. The District Court shall then enter findings and an order regarding whether or not the files contain information that should have been disclosed to Johnston and, contingent on those findings, shall entertain appropriate motions from the parties.

DATED this 16th day of December, 2014.

/S/ JAMES JEREMIAH SHEA

We Concur:

---

[1] Johnston's motion to the District Court also requested materials from non-governmental entities. Those materials are not at issue on appeal and this opinion and order addresses only materials and information in the possession and control of the State and which Johnston had no ability to otherwise obtain. We also note that nothing in this opinion and order requires the prosecution to seek out potentially exculpatory evidence in the possession of other agencies. *See McGarvey v. State*, 2014 MT 189, ¶ 16, 375 Mont. 495, 329 P.3d 576 ("As a general rule, the State's obligation to disclose information under *Brady* does not impose a duty on the prosecutor or investigators to learn of information possessed by other jurisdictions or agencies that have no involvement in the investigation or prosecution at issue."). This opinion and order deals only with a specific, pretrial request for documents in the possession of a state agency that a defendant cannot obtain without the prosecutor's or the court's assistance.

6

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE