

FILED

02/22/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0220

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 20-0220

FILED

FFR 2 2 2022

~~~~ Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

Plaintiff and Appellee,

v.

O R D E R

PAUL RUSSELL SMITH,

Defendant and Appellant.

Appellant Paul Russell Smith, via counsel, moves this Court to stay his appeal and to remand this matter to the First Judicial District Court, Lewis and Clark County, with instructions for that court to conduct an in camera review of certain confidential records of the Department of Public Health and Human Services (DPHHS). Smith asserts that the remand he requests is necessary to complete the record in his pending appeal. In accordance with M. R. App. P. 16(1), Smith's counsel asserts that she contacted counsel for the State, who indicated that the State opposes this motion; however, the State has not filed a response in opposition.

In June 2018, Smith was charged via Amended Information with eight felonies, including sexual intercourse without consent and sexual abuse of children. The alleged victims of these charges were three minor children, two of whom had case files with DPHHS because they had been in foster care. According to Smith, although neither he nor the prosecution had reviewed the DPHHS records, they both believed that the children had previously alleged that they had been sexually assaulted by other individuals and that no criminal charges arose out of DPHHS's investigation of the children's allegations.

After several delays and continuances, Smith's trial was set to begin August 9, 2019. Per the District Court's Omnibus Hearing Memorandum and Order, discovery disputes were to be raised to the court no later than 21 days prior to trial, and motions in limine were

to be filed and briefed no later than 21 business days prior to trial, which means discovery disputes had to be raised no later than July 19, 2019, and motions in limine had to be filed and briefed no later than July 11, 2019. These deadlines notwithstanding, the State filed a motion in limine and brief in support on July 30, 2019, in which it requested that the court issue an order precluding Smith from introducing at trial any evidence that violates the Rape Shield Law, § 45-5-511(2), MCA.

The District Court held a hearing on the State's motion in limine on July 31, 2019. At the start of the hearing, the prosecutor advised the court that after the State filed its motion in limine Smith's trial counsel contacted the County Attorney's Office and requested "CPS (Child Protective Services) records." The prosecutor further advised the court that while the parties had "some knowledge" that these records might contain allegations of sexual abuse that the alleged victims in this case had made against another individual, the prosecution did not have these records in its possession and it would require a court order to obtain these records from DPHHS. The State objected to Smith's request for the records because of the late timing of the request. The State further argued that the records were irrelevant and that the prosecution could not produce them because it did not possess them.

In response, Smith asserted that the State's motion to limit admissible evidence under the Rape Shield Law triggered the court's duty to undertake a "balancing test" pursuant to *State v. Lake*, 2019 MT 172, ¶ 26-27, 396 Mont. 390, 445 P.3d 1211 (citations and quotations omitted), which explains:

> Pursuant to the Rape Shield Law, the district court is required to strike a balance between the victim's rights under the Rape Shield Law and the defendant's conflicting constitutional rights to determine whether the admission of evidence implicating the victim's prior sexual conduct is proper. In balancing the victim's and defendant's respective interests, the district court must require that the defendant's proffered evidence is not speculative or unsupported. . . .
>
> In conducting this balancing, a district court may not arbitrarily or mechanically employ the Rape Shield Law to exclude evidence. Likewise,

2

the Rape Shield Law has long been construed to not automatically exclude evidence that can be narrowed to the issue of the complaining witness' veracity. The district court's balancing is to ensure the defendant is provided a fair trial, while also keeping the proceedings from becoming a trial about the victim.

Although Smith's trial counsel acknowledged that he had not taken any steps to obtain the DPHHS records aside from filing a "written request for discovery" that did not specifically refer to the DPHHS records, and asking the prosecution for the records the week prior to the hearing, he asserted that the State's motion made it necessary for the court to obtain the records, conduct an in camera review of them, and determine if any of their contents should "come into play" at trial. Smith's trial counsel argued that since the State had moved to exclude certain evidence, and since it was unknown whether such evidence might be contained within the DPHHS records, the court had a duty to ascertain whether these records should be excluded under the Rape Shield Law.

The court questioned Smith's trial counsel as to how he envisioned using this evidence if it were provided to him and he asserted that he might cross-examine the alleged victims about it, or that Smith might testify about it if he took the stand. The court advised Smith's trial counsel that the reports in those records would be hearsay if used in such manner and as such, they would not be useful for Smith's defense. Smith's trial counsel offered no other justification to support his argument that the court needed to review the records.

The court denied Smith's trial counsel's request. It noted that the records were not in the prosecution's possession and that Smith's trial counsel had not made a timely attempt to obtain them. The court ruled that it would not issue a court order to obtain the records nor would it conduct an in camera review of such records so close to trial.

This case then proceeded to trial as scheduled. The jury convicted Smith of all eight felony counts. The court entered its judgment and commitment on April 16, 2020. On April 20, 2020, Smith's trial counsel filed a Notice of Appeal in this Court on Smith's behalf. Smith's trial counsel later withdrew his representation with leave of Court and the

3

Appellate Defender Division accepted appointment and has proceeded to pursue Smith's appeal, including the present motion.

On appeal, Smith contends that the District Court erred in failing to conduct an in camera review of the DPHHS records. Relying on *State v. Little*, 260 Mont. 460, 861 P.2d 154 (1993), and *State v. Johnston*, 2014 MT 329, 377 Mont. 291, 339 P.3d 829, Smith argues that the correct procedure at this juncture would be for this Court to stay the appeal and remand the matter to the District Court with instructions for that court to conduct an in camera review of the DPHHS records. Smith contends this action is necessary to complete the record for appeal.

In *Little*, the defendant was charged with four sex offenses against his minor stepdaughters. *Little*, 260 Mont. at 465, 861 P.2d at 157. Prior to his trial, he moved to compel discovery of the alleged victims' Department of Family Services (DFS) files, but the District Court denied his motion. *Little*, 260 Mont. at 465, 861 P.2d at 157. Little was subsequently convicted and on appeal, he argued that he should have been allowed discovery of the files or alternatively that the District Court should have conducted an in camera review of those files. *Little*, 260 Mont. at 466, 861 P.2d at 158. Before this Court decided Little's appeal, it issued an interlocutory appellate order requiring the District Court to conduct an in camera review of the victims' DFS files and make findings as to whether the files contained information relevant to Little's prosecution. *Little*, 260 Mont. at 466, 861 P.2d at 158. In so ordering, this Court relied on § 41-3-205, MCA, which provided both then and now that DFS (now CPS) records must be kept confidential by DPHHS except that they may be disclosed to a court for in camera inspection if relevant to an issue before that court. In *Little*, pursuant to this Court's order, the District Court conducted an in camera inspection of the DFS records and entered an order declaring that it had found no disclosable information within the records. *Little*, 260 Mont. at 466, 861 P.2d at 158. The court forwarded those records to this Court as part of the record on appeal, and this Court then reviewed those records and concluded that the District Court's determination was correct. *Little*, 260 Mont. at 467, 861 P.2d at 157.

4

In *Johnston*, the defendant was charged with sexual offenses against two minor victims and his attorney moved to compel discovery of records relating to an ongoing DPHHS case involving the children. *Johnston*, ¶ 2. The District Court denied Johnston's motion without conducting an in camera review of the DPHHS records, and on appeal, Johnson requested that this Court remand the case to the District Court for an in camera review of the records as it had in *Little*. *Johnston*, ¶ 2.

The State raised two arguments in opposition to Johnston's request to this Court. First, it argued that Johnston could not ask this Court to order the District Court to conduct an in camera review because he never asked the District Court to conduct an in camera review; his motion to compel had only requested that the records be disclosed to him. *Johnston*, ¶ 4. This Court rejected that argument, noting that the State had itself proposed an in camera review in the District Court, and the District Court had declined to do so in contravention of the authority it had relied upon. *Johnston*, ¶ 4. The State also argued that the prosecutor was not required to turn over the DPHHS records because they were not in the prosecutor's possession. *Johnston*, ¶ 5. We rejected that argument, reasoning that since under § 41-3-205, MCA, the only entities in a criminal case that are authorized to receive DPHHS files are the prosecutor and the court, "it was appropriate for Johnston to request the files from the prosecutor via discovery and, when the prosecutor refused to produce the files, to request an order from the court." *Johnston*, ¶¶ 7-8. This court held that Johnston's motion to compel invoked the District Court's authority to order the prosecution to obtain the DPHHS files, and since the motion was sufficient to invoke Johnston's right to potentially exculpatory information contained within those files, the District Court had a duty to conduct an in camera review of those files to ascertain whether they contained any exculpatory evidence. *Johnston*, ¶¶ 8-9.

Appellate counsel's reliance on *Little* and *Johnston* is misplaced; both cases are readily distinguishable from the case at hand. In both *Little* and *Johnston*, the defendants' respective trial counsel timely requested discovery of the DPHHS files. When the files were not forthcoming, counsel timely moved to compel disclosure. In spite of the timely

5

requests, the trial courts in both cases denied the disclosure without first conducting an in camera review to ascertain whether the files contained any exculpatory evidence. In this case, Smith's discovery request was untimely and he never moved to compel disclosure of the records. Appellate counsel concedes that Smith made his first specific discovery request for these records on July 25, 2019—six days after the deadline for raising a discovery dispute. The District Court was therefore under no obligation to entertain Smith's request for in camera review of the DPHHS records.

Appellate counsel and trial counsel both argued that Smith's request for in camera review of these records was not untimely when viewed in context of the State's motion in limine, which was itself filed past the deadline for motions in limine as set forth in the Omnibus Hearing Memorandum and Order. But Smith did not raise a timeliness objection to the State's motion in limine. More to the point, we are wholly unpersuaded by Smith's argument that the State's motion to exclude certain evidence under the Rape Shield Law somehow triggered a duty for the District Court to conduct an in camera review of evidence which Smith had not made a timely attempt to obtain. Smith incongruously argues that the State's motion to exclude evidence somehow triggered an obligation by the District Court to conduct an in camera review of materials that Smith had not previously requested up to that point for the purpose of determining whether the previously unrequested materials should be excluded when this evidence, if it existed, would have been subject to exclusion in any event because Smith had not timely requested it.

A district court has "inherent discretionary power to control discovery based on its authority to control trial administration." *Henricksen v. State*, 2004 MT 20, ¶ 35, 319 Mont. 307, 84 P.3d 38 (citing *Anderson v. Werner Enters., Inc.*, 1998 MT 333, ¶ 13, 292 Mont. 284, 972 P.2d 806). That power includes the discretion to deny an untimely discovery request. While we uphold our determinations in *Little* and *Johnston* that a trial court has a duty to conduct an in camera review of DPHHS files that a defendant has properly sought via discovery, we decline to expand our holding to require a court to review

6

materials on a defendant's behalf when he has not previously taken the necessary steps to timely request those materials.

IT IS THEREFORE ORDERED that this motion for stay and remand is DENIED. This appeal shall proceed in accordance with the applicable Montana Rules of Appellate Procedure.

The Clerk is directed to provide copies of this Order to all counsel of record.

Dated this 22nd day of February, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices